# Exhibit 2

**(State Court Documents)**

Austin Hackler Attorneys, LLC
180 Spring Street
Charleston, SC 29803



7020 3160 0002 0388 3405

Palmetto Solar LLC
Cogency Global Inc.
2 Office Park Court Suite 103
Columbia, SC 29223

U.S. POSTAGE PAID
FCM LG ENV
CHARLESTON, SC
29403
OCT 06, 22
AMOUNT
$8.69
R2305M146782-09

29223

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | |
| ) | |
| Jay Connor, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **SUMMONS** |
| -vs- ) | |
| ) | |
| Palmetto Solar LLC, Crisp Clean Solar ) | |
| LLC, James Austin Crisp Individually, and ) | |
| John Does 1-10 ) | |
| ) | |
| Defendants. ) | |
| ) | |

TO THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and notified that an action has been filed against you in this court. Thirty (30) days after the day you receive this Summons and Complaint, you must respond in writing to this Complaint by filing an Answer with this court. You must also serve a copy of your Answer to this Complaint upon the Plaintiff or the Plaintiff's Attorney at the address shown below. If you fail to answer the Complaint, judgment by default could be rendered against you for the relief requested in the Complaint.

<br>

|  |  |
|---|---|
|  | AUSTIN HACKLER ATTORNEYS, LLC |
|  | s/William K. Austin |
|  | William K. Austin |
|  | 180 Spring Street |
|  | Charleston, SC 29803 |
| Charleston, South Carolina | 843-400-3034 |
| October 5, 2022 | will@austinhackler.com |

ELECTRONICALLY FILED - 2022 Oct 05 1:48 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1004648

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | |
| ) | |
| Jay Connor, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| -vs- ) | |
| ) | |
| Palmetto Solar LLC, Crisp Clean Solar ) | |
| LLC, James Austin Crisp Individually, and ) | |
| John Does 1-10 ) | |
| ) | |
| Defendants. ) | |

Plaintiff complaining of the Defendants alleges as follows:

### TYPE OF ACTION

1. This is an action brought pursuant to the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10, *et seq.*, and the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227.

2. Plaintiff seeks actual damages, statutory damages, increased statutory damages, and reasonable attorneys' fees and litigation expenses as remedies for Defendants' violations of Federal and State law.

### PARTIES AND JURISDICTION

3. Plaintiff Jay Connor is a resident of Charleston County, South Carolina.

4. Palmetto Solar, LLC ("Palmetto") is a South Carolina limited liability with its principal place of business in Charleston County.

5. Crisp Clean Solar, LLC ("CCS") in a North Carolina limited liability company with its principal place of business in Raleigh, North Carolina.

1

6. CCS transacts business in South Carolina.

7. James Austin Crisp is a managing member and owner of CCS.

8. The true identities of John Does 1-10 are unknown.

9. The events giving rise to this claim occurred in Charleston County South Carolina.

10. South Carolina has jurisdiction over Palmetto as it is a domestic company.

11. Jurisdiction is proper over Mr. Crisp and CCS under S.C. Code § 36-2-803

12. Venue is proper under S.C. Code § 15-7-20(1).

## FACTS

13. This matter involves Defendants initiating telephone solicitations to Plaintiff in Charleston County South Carolina.

14. Plaintiff has been the sole continuous subscriber to the wireless telephone 843-XXX-8180 for over five years.

15. Plaintiff's primary purpose of the wireless number is personal use.

16. On or about February 2, 2020, Plaintiff informed Ken Crab, a Palmetto employee, about previous unwanted, unsolicited calls to his wireless number 843-XXX-8180 made by or on behalf of Palmetto to sell solar panels.

17. On October 27, 2021, Plaintiff received another call to his wireless number 843-XXX-8180 soliciting solar panel installation and services (the "Call").

18. At the beginning of the Call, there was a pause and audible click, indicating the use of an automatic telephone dialing system ("ATDS").

19. The representative identified herself as "Yvonne" from "US Solar Experts", a fictious company.

20. The caller ID transmitted in the Call was 973-963-9356, a non-working number.

ELECTRONICALLY FILED - 2022 Oct 05 1:48 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1004648

21. The Call was made by or on behalf of the Defendants.

22. Defendant Austin Crisp called Plaintiff again to set an appointment for Palmetto Solar, confirming his involvement in the Call.

23. Mr. Crisp identified himself to be with Palmetto Solar and the owner of CCS.

24. Upon information and belief, Plaintiff has received at least three additional calls by or on behalf of the Defendants.

### SCTPPA Definitions

25. Plaintiff is a "consumer" as defined under S.C. Code § 37-21-20(1)

26. Each Defendant is a "person" as defined by S.C. Code § 37-21-20(3)

27. Each Defendant is a "telephone solicitor" under S.C. Code § 37-21-20(7).

28. The Calls were "telephone solicitations" under S.C. Code § 37-21-20(6).

### FOR A FIRST CAUSE OF ACTION
(Failure to Provide Identification Information)
S.C. Code § 37-21-40

29. Plaintiff incorporates the above.

30. S.C. Code § 37-21-40 requires that:
(A) At the outset of a telephone solicitation, a telephone solicitor shall provide, in a clear and conspicuous manner, a first and last name to identify himself and provide the name of the person on whose behalf the telephone solicitation is being made and promptly disclose to the consumer the following information:

(1) a telephone number and address at which the telephone solicitor may be contacted;

(2) the purpose of the telephone solicitation.

. . .

(4) the option to be added to the telephone solicitor's in-house 'do not call' list if the consumer requests being added to such list, confirmation that the consumer's name and telephone number will be placed on such list.

3

(B) At the time of solicitation or offering, the telephone solicitor shall further disclose:

(1) a reasonable and good faith estimate of the total costs to purchase, receive, or use, and the quantity of, any goods or services that are the subject of the solicitation or offer;

31. Defendants violated S.C. Code § 37-21-40 (A) by failing to disclose, at the outset of the telephone solicitation:

32. a first and last name to identify the caller,

33. that the call was made on behalf of Defendants

34. a telephone number or address at which Defendants could be reached, or

35. that the purpose of the solicitation was to promote Defendants' products and services.

36. Defendants willfully violated Section 40 (A) by providing a false first name, upon information and belief, and no last name and by providing a false company name, to wit, "US Solar Experts" and "Solar Experts." Yvonne refused to provide the actual names of the companies on behalf of who the call was being made despite Plaintiff's request for a company name.

37. Defendants willfully violated (A)(1) by failing to disclose a telephone number or address to contact Defendants.

38. The allegation that Defendant's concealment of material information was willful is bolstered by the fact that Defendants spoofed the caller ID information transmitted for the Call.

39. Defendants willfully violated multiple subsections of S.C. Code § 37-21-40, and Plaintiff is therefore entitled to recover increased statutory damages in an amount

ELECTRONICALLY FILED - 2022 Oct 05 1:48 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1004648

ELECTRONICALLY FILED - 2022 Oct 05 1:48 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1004648

not less than $1,000 and not more than $5,000.00 for each of the violations, attorney's fees, court costs, and prejudgment interest at the statutory rate.

### FOR A SECOND CAUSE OF ACTION
(Telephone Solicitation Following a Do Not Call Request)
S.C. Code § 37-21-70

40. Plaintiff incorporates the above.

41. In the Call, Defendants willfully transmitted a telephone solicitation to a number after a Do Not Call Request.

42. As a direct result of Defendants' willful violation of § 37-21-70 in the Call, Plaintiff is entitled to recover actual damages, increased statutory damages not less than $1,000 and not more than $5,000.00, reasonable attorney's fees and court costs, plus prejudgment interest at the statutory rate.

### FOR A THIRD CAUSE OF ACTION
(TCPA Violations)
U.S.C. § 227 (b)(1)(A)(iii)

43. Plaintiff incorporates the above.

44. The foregoing acts and omissions of Defendants, its affiliates, agents, or other persons or entities acting on Defendants' behalf, constitute violations of the TCPA, 47 U.S.C. § 227, by placing calls using an automatic telephone dialing system ("ATDS").

### PRAYER

WHEREFORE, Plaintiff prays as follows:

5

(a) For a judgment in Plaintiff's favor against all Defendants as to all claims asserted in this Complaint;

(b) Holding Defendant CSC liable, Defendant Palmetto vicariously liable, and Defendant Crisp individually liable for all claims arrested in this Complaint.

(c) For a judgement finding that Defendants acted willfully in violating the TCPA and the SCTPPA.

(d) For the statutory damages of $1,000 per violation to be awarded to the Plaintiff for each of the Defendants' violations of the SCTPPA;

(e) For increased statutory damages not to exceed $5,000 for each of Defendants' willful violations.

(f) For an award of attorneys' fees and court costs pursuant to the SCTPPA;

(g) For the statutory damages of $500 to $1,500 per violation to be awarded to the Plaintiff for each of the Defendants' violations of the TCPA;

(h) For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

AUSTIN HACKLER ATTORNEYS, LLC

s/William K. Austin
William K. Austin
180 Spring Street
Charleston, SC 29803
843-400-3034
will@austinhackler.com

Charleston, South Carolina
October 5, 2022